IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HOLLI JAKES, as Special Administrator
of the Estate of RICHARD J. RASMUSSEN, Deceased,

                Plaintiff,

v.

MACARTHUR CO., and SAFETY GROOVING AND
GRINDING, LP., MILWAUKEE INSULATION CO., and
GARY NILSON,

                Defendants.

ORDER

09-cv-133-slc

---

Plaintiff has filed a lawsuit alleging that defendants are liable for the death of Richard J. Rasmussen, who was crushed under the wheels of a semi-trailer on a highway construction site. Now before the court is plaintiff's motion to amend and a motion to strike plaintiff's reply brief. Plaintiff seeks leave to add a claim for Rasmussen's pre-death pain and suffering or knowledge of impending death. Because plaintiff has not provided an adequate explanation for her delay in pursuing evidence to support this claim and because defendant would not be able to seek summary judgment on any new claim added now, I am denying plaintiff's request for leave to amend. As a result, I am also denying defendant's motion to strike plaintiff's reply brief as unnecessary.

Whether to grant a party leave to amend its pleadings is discretionary. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). Although a court must freely grant a party leave to amend its pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), a request to amend may be denied on several grounds, including undue delay, undue prejudice to the party opposing the motion or futility of the amendment. *Sound of Music v. Minnesota Mining and Manufacturing Co.*, 477 F.3d 910, 922-23 (7th Cir. 2007).

Although defendants contend that undue delay, undue prejudice *and* futility warrant denial of the request for leave to amend, I need look no further than undue delay and prejudice. Plaintiff filed her motion for leave to amend on January 8, 2010, the same day dispositive motions were due (and the same day defendant filed its motion for summary judgment). Plaintiff says that the reason she did not seek amendment earlier is because she did not have a good faith basis for bringing a pre-death claim until she deposed Dr. Hadley less than one week earlier. (Dr. Hadley performed a post-mortem examination on Rasmussen.) However, she acknowledges that she looked into the possibility of a pre-death pain and suffering claim as early as June 22, 2009 and decided not to depose Dr. Hadley only because he suggested that he would not be able develop an opinion supporting a claim for pre-death pain and suffering. It was only after working with a reconstruction expert that plaintiff decided to depose Dr. Hadley, seeking deposition on November 24, 2009.

Plaintiff does not explain when she received information from her reconstruction expert that changed her mind about Dr. Hadley, but even if I assume it was shortly before November 24, 2009, this does not explain why she waited for the reconstruction expert and returned to Hadley to get the expert opinion she was seeking. There is no dispute that Rasmussen was crushed by a semi-trailer; perforce, since the day of Rasmussen's death, plaintiff has had reasonable grounds to seek an expert opinion on pre-death pain and suffering. After Hadley suggested in June 2009 that he could not help, plaintiff had the option of promptly investigating further or seeking a second opinion. Instead, she attended to other matters in this lawsuit and put this matter aside until it was too late. I am not persuaded that plaintiff has a good reason for waiting as long as she did. Even so, if there were no prejudice to defendants, this court might have allowed this amendment, late as it is.

But there is obvious and ample prejudice to defendants if plaintiff amends her complaint to add a new claim now, especially a claim that raises for the first time the horrifying and hotly contested prospect that Rasmussen lived long enough to suffer. Plaintiff has known since April 2009 that jury selection and trial is firmly set for May 17, 2010, a longer-than-normal schedule for this court. The deadline for filing dispositive motions has passed. Defendants have had no chance to take discovery or otherwise investigate the question of conscious suffering and they will not have an opportunity to seek summary judgment on any such new claim.

Plaintiff suggests that defendants will suffer no prejudice because the pre-death claim would rise and fall on summary judgment right along with plaintiff's wrongful death claim and defendants still have time to refute plaintiff's contentions with a damages expert. However, under state law, pre-death pain and suffering is a separate cause of action, *Schilling v. Chicago, N.S.&M.R. Co.*, 245 Wis. 173, 177, 13 N.W.2d 594, 596 (1944) (citations omitted), a point plaintiff implicitly acknowledges by seeking to add a separate *claim* for pre-death pain and suffering. Defendants could have brought separate challenges to the pre-death pain and suffering in their motion for summary judgment (such as their present contention that plaintiff's evidence is insufficient). Because the deadline for filing such a motion has passed, a new claim likely would go to trial.

In light of the inadequate explanation for the long delay coupled with the substantial prejudice to defendants, I conclude that justice would not be served by granting plaintiff's request for leave to amend her complaint.

Having reached this conclusion, it is not necessary to decide whether plaintiff intended covertly to slip *other* new allegations into her proposed amended complaint without alerting

defendants or the court, or if instead this was some sort of honest mistake. Neither explanation inspires confidence, but it doesn't matter because the time for amending the complaint has passed.

## ORDER

IT IS ORDERED that

(1) Plaintiff's motion for leave to amend the complaint, dkt. 112, 120, is DENIED.

(2) The motion to strike plaintiff's reply in support of her motion to amend the complaint, dkt. 131, is DENIED as academic.

Entered this 9th day of February, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge