IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HOLLI JAKES, as Special Administrator of the Estate of
RICHARD J. RASMUSSEN, Deceased,

                                                            ORDER

                    Plaintiff,

        v.                                               09-cv-133-slc

MACARTHUR CO., SAFETY GROOVING AND
GRINDING, LP., MILWAUKEE INSULATION CO.,
and GARY NILSON,

                    Defendants.

        Plaintiff Holli Jakes has filed this state law negligence lawsuit as special administrator of

the estate of Richard J. Rasmussen, who was killed in an accident at a construction site.

Originally, the case was filed in state court and was brought against only defendants MacArthur

Corporation and Safety Grooving and Grinding, LP.  However, those defendants removed the

case to the Northern District of Illinois, the case was transferred to this court, and after that,

plaintiff amended her complaint to add two new defendants, Milwaukee Insulation Co. and

Gary Nilson.  Now defendant Safety Grooving and Grinding, LP has moved for summary

judgment, contending that it did not negligently cause the death of Richard J. Rasmussen.  I

cannot address that question because defendants have not yet established grounds for subject

matter jurisdiction.

        In the original defendants' notice of removal, they invoked 28 U.S.C. § 1332, asserting

that the court had diversity jurisdiction.  As I explain below, this original assertion was

incomplete. More importantly, however, there are new defendants which will affect whether this

court has jurisdiction.  Finally, the case is at a stage in the case at which allegations (such as

those provided in the notice of removal) do not suffice.  The court cannot rule on a motion for

summary judgment without first receiving *evidence* that there are grounds for diversity jurisdiction. *See Procedure to be Followed on Motions for Summary Judgment*, I.B.3, *attached to* Preliminary Pretrial Conference Packet, dkt. 176 (explaining that, the parties should include among their summary judgment materials, proposed findings of fact, which "shall include factual statements relating to jurisdiction"). Defendants invoked diversity jurisdiction, so they carry the burden of proof on this matter. *Adden v. Middlebrooks*, 688 F.2d 1147, 1150 (7th Cir. 1982).

This court has an independent obligation to insure that subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Court of Appeals for the Seventh Circuit insists that litigants review meticulously the limits of federal jurisdiction so as to avoid wasting federal judicial resources. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). The federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000). After reviewing the summary judgment materials and the rest of the record, it came to my attention that there is no evidence in the record to establish complete diversity of the parties. (The amount in controversy can be drawn from the amended complaint, which establishes that more than $75,000 is at stake in this case.) The parties did not include information about the citizenship of the parties in their proposed findings of fact and the record does not establish the matter elsewhere.

Section 1332 requires complete diversity of citizenship between plaintiff and each defendant, which requires determining the citizenship of each party and comparing them. In this case, therefore, defendants (who removed the case) must put forth facts showing the citizenship of: Richard J. Rasmussen (under 28 U.S.C. § 1332(c)(2), the legal representative of

the estate of a decedent is deemed a citizen only of the same state as the decedent);  MacArthur

Corporation; Safety Grooving and Grinding, LP; Milwaukee Insulation Co.; and Gary Nilson.

Because trial is fast approaching, and these facts should by now be at defendants'

fingertips, I will give defendants a very short deadline.  They may have until April 1, 2010 in

which to provide the evidence required.  Defendants are reminded that sworn affidavits

evidencing the parties' citizenship should be submitted to the court.

In preparing the information, defendants should keep the following in mind.  First, for

the purpose of establishing diversity jurisdiction, a corporation is deemed a citizen of the state

in which it is incorporated and the state where its principal place of business is located.  28

U.S.C. § 1332(c)(1); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*,

385 F.3d 737, 740-43 (7th Cir. 2004); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)

(ruling that principal place of business is "where a corporation's officers direct, control, and

coordinate the corporation's activities," often referred to as its "nerve center.").  In the original

notice of removal, MacArthur and Safety Grooving identified only what appear to be their

respective states of incorporation, not where their principal places of business are located.

Moreover, it is not clear whether all the corporate entities are indeed *corporations*.  In

particular, Safety's full title is "Safety Grooving and Grinding, LP," suggesting that it might be

a limited partnership.  If Safety is a partnership, it must provide evidence of the citizenship of

each of the partners.  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("The citizenship

of a partnership is the citizenship of the partners, even if they are limited partners.") (citations

omitted).  Likewise, if any other defendant is unincorporated (say, as a limited liability

company), defendants must submit evidence of the citizenship of each of that corporation's

members.  *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004)

(unincorporated entities are citizens of every state of which any member is a citizen).  The

parties' citizenship at the time the suit was filed is what matters, but because Nilson and

Milwaukee Insulation were added later, what matters is their citizenship at the time they were

added.  *Lewis v. Lewis*, 358 F.2d 495, 499 (9th Cir. 1966).

Finally, for Rasmussen and Nilson and for any individual member or partner of an

unincorporated entity (to the extent that there are any), defendants should keep in mind that

an individual is a citizen of the state in which s/he is domiciled, which is "the place one intends

to remain."  *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).  A person has only one

domicile, but may have several residences.  *Steigleder v. McQuesten*, 198 U.S. 141 (1905)

(distinguishing between residency and citizenship).

## ORDER

IT IS ORDERED that defendants may have until April 2, 2010, in which to submit

evidence sufficient to establish the complete diversity of citizenship between plaintiff and each

defendant.  Plaintiff should notify the court within two days of service of the materials if she

disputes any of defendants' evidence.  If defendants fail to meet this deadline, the case will be

remanded to state court for lack of subject matter jurisdiction.

Entered this 26th day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge