IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HOLLI JAKES, as Special Administrator of the Estate of
RICHARD J. RASMUSSEN, Deceased,

                Plaintiff,

v.

MACARTHUR CO., SAFETY GROOVING AND
GRINDING, LP., MILWAUKEE INSULATION CO.,
and GARY NILSON,

                Defendants.

ORDER

09-cv-133-slc

      In an order entered March 26, 2010, I gave defendants until April 2, 2010 in which to submit evidence that the parties are completely diverse. Defendants have submitted several affidavits and plaintiff has not disputed any of the evidence of the parties' citizenship. This is a good start, but unfortunately, it's not quite enough. Although defendants' evidence suffices to establish the citizenship of plaintiff (Illinois) and defendants MacArthur Co. (Minnesota), Milwaukee Insulation Co. (Wisconsin) and Gary Nilson (Wisconsin), it does not fully establish the citizenship of defendant Safety Grooving and Grinding, L.P. Although plaintiff and Safety have indicated that they will be settling, unless the parties intend to request that the court dismiss plaintiff's claims against Safety without prejudice, defendants will have to supply the missing evidence of Safety's citizenship. I will give defendants until April 16, 2010 in which to supply the required evidence.

      As its name suggests, Safety is a limited partnership so its citizenship is determined by the citizenship of each of its limited *and* general partners. *Carden v. Arkoma Associates*, 494 U.S. 185, 192-96 (1990). Defendants submit evidence that Safety has three limited partners with citizenship in Ohio and Pennsylvania, but they have not identified the citizenship of its general

partner, Safety Holding, Inc. Defendants state that Safety Holding is "of New Kensington, Pennsylvania," but does not explain whether that is its principal place of business and whether Pennsylvania is its state of incorporation.

Defendants do submit evidence of the state of the limited partnership's principal place of business and the state under which it was formed. However, these facts are irrelevant to the question of the limited partnership's citizenship. What is missing is the general partner, *Safety Holding's*, state of incorporation and principal place of business. I will give defendants until April 16, 2010 in which to submit evidence of the citizenship of Safety Holding, Inc., the general partner of defendant Safety Grooving and Grinding, L.P.

ORDER

IT IS ORDERED that defendants may have until April 16, 2010, in which to submit evidence of the citizenship of Safety Holding, Inc., the general partner of defendant Safety Grooving and Grinding, L.P. Plaintiff should notify the court within two days of service of the materials if she disputes any of defendants' evidence. If defendants fail to respond to this order by April 16, 2010, the case will be remanded to state court for lack of subject matter jurisdiction.

Entered this 7th day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2